IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ELIZABETH CAMPBELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Civil Action No.:** |
| v. ) | |
| ) | |
| **MARIETTA DRAPERY &** ) | |
| **WINDOW COVERINGS CO., INC.** ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT WITH
## DEMAND FOR JURY TRIAL

Now comes the Plaintiff, ELIZABETH CAMPBELL (hereinafter "Plaintiff" or "Campbell"), and files her Complaint against the Defendant, MARIETTA DRAPERY & WINDOW COVERINGS CO., INC. (hereinafter "Defendant" or "Marietta Drapery") and says:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq.* (hereinafter the "FMLA") and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADA").

1

2. This is an action to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and relation against Plaintiff because of her disability, and Defendant's interference with and retaliation towards Plaintiff for exercising her rights under the FMLA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under the FMLA and the ADA.

4. Venue is proper in this district pursuant to 38 U.S.C. § 4323(c)(2) and 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## PARTIES

5. Plaintiff, Campbell, is a citizen of the United States, and is and was at all times material, a resident of the State of Georgia.

6. Plaintiff worked for Defendant at its offices located at 3640 Reed Dr. SW, Marietta, GA 30008.

7. Defendant, Marietta Drapery, is a Domestic Profit Company with its principal place of business in Marietta, Georgia.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On August 27, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

11. Plaintiff's EEOC charge was filed within one hundred and eighty days after the alleged unlawful employment practices occurred.

12. On March 17, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue, upon request.

13. This complaint was filed within ninety days of the issuance of the EEOC's Right to Sue letter.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by Defendant for approximately one (1) year and six (6) months, from November 2018 through May 2020.

15. At the time of her termination Plaintiff worked for Defendant in Accounts Receivable/Collections.

16.     Plaintiff was a full-time employee who regularly worked at least forty (40) hours per week.

17.     Plaintiff satisfactorily performed the duties and requirements of her job.

18.     Plaintiff is disabled.

19.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.  Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

20.     At all times material, Defendant was aware of Plaintiff's condition.

21.     Plaintiff had a physical or mental impairment that substantially limited one or more of Plaintiff's major life activities, including standing, sitting, concentrating, working, and walking.

22.     In February 2020, Plaintiff became ill and developed a kidney stone.

23.     In late February 2020, Plaintiff was admitted to the emergency room for treatment related to her kidney stone.

24.     Plaintiff called Jane Jones, Human Resources, and informed her that she was going to the emergency room and would be undergoing surgery.

25.     Plaintiff informed Ms. Jones that she would need an accommodation in the form of a brief medical leave while she recovered from surgery.

26. About one week later, Plaintiff was diagnosed with a severe infection in her gallbladder and was forced to undergo emergency gallbladder removal surgery.

27. Due to the severity of the medical issue, Plaintiff's daughter, also a Marietta Drapery employee, informed Defendant of Plaintiff's condition.

28. Subsequently, Plaintiff made a reasonable request for an extension to her medical leave.

29. In approximately mid-March 2020, Plaintiff requested to take leave under the FMLA, and Defendant mailed FMLA paperwork to her.

30. Shortly thereafter, Plaintiff provided the FMLA paperwork to her doctor's office to be completed.

31. Plaintiff emailed Ms. Jones to provide Defendant an update on her condition and advised that she would be seeing her doctor again soon.

32. However, due to the unprecedented COVID-19 pandemic in America in March of 2020, Plaintiff's doctor's office closed in late-March.

33. Due to the doctor's office closing, there was a delay in Plaintiff's doctor returning the FMLA paperwork to Defendant.

34. In approximately early April 2020, Ms. Jones emailed Plaintiff to check in because she had not received the FMLA paperwork.

35. Plaintiff responded that day and advised that due to the pandemic her doctor's office was closed until April 6, 2020 and that she had an appointment the day the office re-opened.

36. Plaintiff provided Defendant another update via email in approximately early April 2020.

37. During that email correspondence Ms. Jones asked Plaintiff if she intended on returning to work.

38. Plaintiff responded that she "definitely" planned to return to work.

39. Plaintiff provided another update via email to Defendant. Plaintiff advised that her doctor had not been able to see her yet and requested the reasonable accommodation of working from home until she was cleared to return to the office.

40. In approximately early May 2020 Ms. Jones emailed Plaintiff and advised that if Plaintiff did not provide a doctor's note with full release or request for accommodation by May 8, 2020, then Defendant would consider Plaintiff voluntarily resigned from her position.

41. Plaintiff saw her doctor and her doctor completed a release to work form with a request for reasonable accommodations in the form of working from home.

42. Plaintiff's doctor faxed the note to Defendant.

43. Plaintiff emailed Ms. Jones and advised that her doctor should have faxed the paperwork the prior day and asked Defendant to confirm receipt of the doctor's note.

44. Defendant failed to confirm receipt of the doctor's note or acknowledge Plaintiff's email.

45. Defendant made no effort to contact Plaintiff to confirm receipt or inquire about her whereabouts.

46. Days later Ms. Jones emailed Plaintiff and advised that Defendant received her paperwork but because she had not arrived to work the previous day that Defendant considered Plaintiff to have abandoned her job.

47. Defendant failed to engage in the interactive process as required by the ADA.

48. At all times material, Plaintiff had not yet exhausted her 12 weeks of leave under the FMLA.

49. It would have been reasonable for Defendant to allow Plaintiff additional time to return to work.

50. Defendant unlawfully terminated Plaintiff's employment.

51. Plaintiff has been damaged by Defendant's illegal conduct.

52. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: FMLA Retaliation

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-52 above.

54. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

55. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

56. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

57. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, her FMLA rights.

58. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

59. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which she is entitled to legal relief.

## Count II: FMLA Interference

60. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-52 above.

61. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

62. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

63. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

64. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

65. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

66. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

### Count III: Disability Discrimination in violation of the ADA

67. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-52 above.

68. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

69. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

70. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

71. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's disability.

72. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's disability.

73. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional

distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

74. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count IV: Retaliation in Violation of the ADA

75. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-52 above.

76. Plaintiff engaged in protected activity under the ADA on more than one occasion while employed by Defendant.

77. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

78. Defendant's conduct violated the ADA.

79. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA.

80. Defendant's conduct violates the ADA.

81. Plaintiff has satisfied all statutory prerequisites for filing this action.

82. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

83. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

84. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*

CERTIFICATION: The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font and a 1.5 inch top margin in accordance with LR 5.1B, N.D.Ga.